David L. Miller, Bar No. 3736
PO Box 9
Farmington, UT 84025-0009
Telephone: (801) 447-8777
Facsimile: (801) 447-8834
e-mail: davidlmillerpc@msn.com
Attorney/Chapter 7 Trustee

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH
NORTHERN DIVISION**

| | |
|---|---|
| **In re:**<br><br>**JON ANTHONY MARINO,**<br>**LISA ANN MARINO,**<br>**Debtor(s)** | **Bankruptcy No. 14-29742**<br>**(Chapter 7)**<br>Judge Joel T. Marker |
| **DAVID L. MILLER, Chapter 7 Trustee,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**JON ANTHONY MARINO, an individual,**<br>**LISA ANN MARINO, , an individual,**<br>**Defendant(s)** | **Adversary Proceeding No.**<br><br>Filed Electronically |

# COMPLAINT TO REVOKE DEBTORS' DISCHARGE

David L. Miller, as Chapter 7 Bankruptcy Trustee of the bankruptcy estate of Jon Anthony Marino and Lisa Ann Marino, complains of defendants as follows:

## PARTIES

1. Plaintiff David L. Miller, Trustee ("Trustee"), is the duly appointed, qualified and acting Chapter 7 trustee of the bankruptcy estate of Jon Anthony Marino and Lisa Ann Marino.

2. Defendant Jon Anthony Marino is an individual with last known legal residence in

Box Elder County, State of Utah.

3. Defendant Lisa Ann Marino is an individual with last known legal residence in Box Elder County, State of Utah.

**JURISDICTION AND VENUE**

4. The Trustee incorporates by reference the allegations contained in the preceding paragraphs of this complaint as if fully set forth herein.

5. This adversary proceeding arises out of and relates to the above-referenced Chapter 7 bankruptcy case filed on September 15, 2014, in the United States Bankruptcy Court for the District of Utah in the Northern Division.

6. The Court has jurisdiction over the subject matter and the parties of this proceeding pursuant to 28 U.S.C. §§1334(b), 157(a), (b), 11 U.S.C. § 727 and D.U.Civ.R. 83-7.1 the general order of reference.

7. Venue is proper in the District of Utah, Northern Division under 28 U.S.C.§ 1409.

8. This adversary proceeding is a core matter under 28 U.S.C. §157(b)(2)(F), (H), (J) and (N).

**GENERAL ALLEGATIONS**

9. The Trustee incorporates by reference the allegations contained in the preceding paragraphs of this complaint as if fully set forth herein.

10. The Debtors filed a voluntary petition under Chapter 7 of the United States Bankruptcy code on September 15, 2014.

11. David L. Miller became the permanent trustee at the first meeting of creditors he

conducted in this case on October 22, 2014.

12. The Trustee, at the meeting of creditors, directed the Debtors to supply copies of their bank statements for August & September.

13. The Trustee also directed the Debtors to supply copies of their 2014 State & Federal tax returns as soon as prepared, but no later than April 15, 2015, and to turnover any refunds reflected therein.

14. The Discharge of Debtors was entered on December 24, 2014.

15. In an email to the debtors' attorney on January 28, 2015, the Trustee instructed the debtors' to turnover a copy of their America First CU savings bank statements for August & September and reminded them to turnover a copy of their 2014 tax returns and any refunds reflected therein, by April 15, 2015.

16. The Court entered an Order Directing Debtors to Turnover Property of the Estate on February 22, 2015, which

> ORDERED that the debtors, Jon Anthony Marino & Lisa Ann Marino, turnover a copy of their 2014 State and Federal tax returns (as soon as prepared, but no later than April 15, 2015) and any tax refund received thereon; and a copy of their America First CU #1059 savings August and September bank statements to the Trustee no later than 30 days from entry of this order.

17. The Trustee has received no America First CU savings bank statements from the debtors.

18. The Trustee has not received a copy of the debtors' 2014 State and Federal tax returns.

19. The Trustee has received no funds from the debtors.

20. The debtors have refused to obey a lawful order of the court.

**FIRST CLAIM FOR RELIEF**
(11 U.S.C. §§ 727(a)(6)(A)

1. The Trustee incorporates by reference the allegations contained in foregoing paragraphs as if fully set forth herein.

2. The Debtors have refused to obey a lawful order of the court.

3. By reason of the foregoing, pursuant to the provisions of 11 U.S.C. § 727(a)(6)(A) and (d)(3), the Court should revoke Defendant Debtors' discharge.

**SECOND CLAIM FOR RELIEF**
(11 U.S.C. § 727 (d)(2))

1. The Trustee incorporates by reference the allegations contained in foregoing paragraphs as if fully set forth herein.

2. The Debtors have acquired property that is property of the estate and knowingly and fraudulently failed to deliver or surrender such property to the trustee.

3. By reason of the foregoing, pursuant to the provisions of 11 U.S.C. § 727 (d)(2), the Court should revoke the Defendant Debtors' discharge.

**PRAYER FOR RELIEF**

Wherefore, the Trustee prays that the Court enter judgment against the Defendant Debtors Jon Anthony Marino and Lisa Ann Marino, based upon the following:

1. On the first claim for relief, for revocation of discharge under Bankruptcy

Code § 727(a)(6)(A);

2. On the second claim for relief, for revocation of discharge under Bankruptcy Code § 727(d)(2); and

3. For such other and further relief as the Court deems just.

DATED this 27th day of May, 2015

/s/ david l. miller
DAVID L. MILLER
CHAPTER 7 TRUSTEE